21 So.2d 573

### CLAY v. MATHEWS, Sheriff, et al.
#### 4 Div. 869.

Court of Appeals of Alabama.
March 20, 1945.

J. W. Brassell, of Phenix City, for appellant.

64

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Appellant was arrested under a warrant issued by the Governor of Alabama, upon requisition by the Governor of the State of New Mexico, to answer a criminal complaint charging her with the offense of bigamy. She brought habeas corpus in the court below, and after hearing was remanded to the custody of the Sheriff to be delivered to the agent of the State of New Mexico. Petitioner appeals.

Alabama Code 1940, Title 15, Section 50, provides: "No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing and accompanied by a copy of an indictment found or by an information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereon. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy must be authenticated by the executive authority making the demand, which shall be prima facie evidence of its truth."

U. S. Code Annotated, Title 18, Section 662, provides: "Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, it shall be the duty of the executive authority of the State or Territory to which such person has fled to cause him to be arrested and secured, and to cause notice of the arrest to be given to the executive authority making such demand, or to the agent of such authority appointed to receive the fugitive, and to cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within six months from the time of the arrest, the prisoner may be discharged. All costs or expenses incurred in the apprehending, securing, and transmitting such fugitive to the State or Territory making such demand, shall be paid by such State or Territory."

The affidavit shows that appellant is charged with having committed the crime of bigamy, "in that she being at said time married to John Lee Clay, did then and there marry one George S. Kunkle and did then and there have two husbands at the same time."

If this be true the law says it was unlawful. Appellant's criticism of the affidavit for omitting to state that the second marriage was unlawful is without merit. If appellant was lawfully married to John Lee Clay, as the affidavit charges, she could not lawfully marry another.

The order of the court below, perforce, must be affirmed.

Affirmed.